Jimmie L. Williams, Jr., State Bar No. 144691
jwilliams@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604-0119
---
1901 Harrison Street, 14th Floor
Oakland, California 94612-3501
Telephone:  (510) 444-6800
Facsimile:  (510) 835-6666

Attorneys for Respondent

BFIGroup Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Rusal Global Management B.V. for Order to Obtain Discovery for Use in a Foreign Proceeding,<br><br>Defendants. | Case No. CV 12-08898 PSG (CWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity pursuant to the subpoenas issued in this matter are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Actions (as defined below) may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further

acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Instead, the rules applicable in this matter and the proceeding before the London Court of International Arbitration control the procedures that must be followed and the standards that will be applied when a party seeks permission from the court or arbitration panel to file material under seal.

## 2. GOOD CAUSE STATEMENT

### A. Factual Background

The parties to this case were competitors in the Federal Government of Nigeria's open bid process for the Aluminum Smelter Company of Nigeria ("ALSCON"). Because of the parties competition over ALSCON, business information about them are confidential and must be protected from disclosure outside of the Actions, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

### B. The Proposed Protective Order Focuses on the Protection of Commercially Sensitive Business Information

Federal Rule Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.

A protective order that focuses on preventing the disclosure of particular information, e.g., confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. *Hayden v. Siemens Medical Systems, Inc.*, 106 F.R.D. 551, 556 (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information. *Id.*

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.* (162 F.R.D. 456, 465 (S.D.N.Y. 1995).

As competitors, the parties' proposed protective order was drafted to protect the confidentiality and disclosure of BFIGroup Corporation's confidential business information in this action and in the foreign tribunal that the Court found constituted an appropriate proceeding for said discovery, and to provide extra precautions on the disclosure of highly sensitive business information; balanced against the need and use for such information to prosecute and defend the matter before the LCIA. As noted below, the designation of Discovery Material, whether designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY", is open to challenge by either party, any third party or the public.

### C. Conclusion

Based on the foregoing demonstration of good cause in support of the [Proposed] Protective Order, this Order should be granted by the Court to protect that parties' confidential business information.

WHEREAS, information and documents that may be provided in discovery in the above-captioned matter, whether by BFIGroup Corporation or of a non-party, may be of a confidential nature within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties wish to minimize the disclosure of confidential information of one to the other and wish to prevent all Confidential Discovery Material from unauthorized disclosures:

NOW THEREFORE, it is ordered as follows:

3. **DEFINITIONS**

3.1 **ATTORNEYS' EYES ONLY:** means all CONFIDENTIAL Information or Items which Outside Counsel of Record, in good faith, believes are CONFIDENTIAL and that disclosure poses a significant risk of competitive or other harm to the Producing Party or non-party (or to a third party that supplied the document(s) and/or information) unless further limitations are placed on its disclosure. Such documents include, but are not limited to (i) agreements, the terms thereof or information relating to the negotiation thereof; (ii) information which the Designating Party is contractually or otherwise by law required to maintain as confidential (e.g., due to a non-disclosure agreement); (iii) documents containing trade secrets[1]; (iv) current or future marketing plans; (v) current or future business plans or strategies; or (vi) other highly sensitive nonpublic commercial, financial or technical information.

3.2 **Actions:** means (a) this instant matter (*In re Application of Rusal Global Management B.V. for Order to Obtain Discovery for Use in a Foreign Proceeding*, No. CV 12-08898 PSG (CWx) (C.D. Cal.); and (b) Dayson Holding Ltd.'s action against the Bureau of Public Enterprise of the Federal Republic of Nigeria, the Federal Government of Nigeria, the Ministry of Finance of Nigeria and the National Council on Privatization of Nigeria before the London Court of International Arbitration.

3.3 **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

3.4 **"CONFIDENTIAL" Information or Items:** information or documents (regardless of how they are generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c) and contains (i) financial information, reports, records or projections; (ii) advertising, marketing, sales or other commercial

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

information; or (iii) information which, if disclosed, could impair or disrupt a current or future business relationship.

3.5 **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

3.6 **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.7 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the Actions who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Actions.

3.9 **House Counsel:** attorneys who are employees of a party to the Actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Actions.

3.11 **Outside Counsel of Record:** attorneys who are not employees of a party to the Actions but are retained to represent or advise a party to the Actions and have appeared in the Actions on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party or advised that party in the Actions.

3.12 **Party:** any party to the Actions, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13 **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this matter.

**3.14 Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.15 Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

**3.16 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) is independently developed by the Receiving Party by persons without access to such Protected Material, which development is adequately documented; and (d) is approved for disclosure and release by written authorization from the Producing Party.

**5. DURATION**

Even after final disposition of the Actions, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in the Actions, with or without prejudice; and (2) final judgment in the Actions after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" Or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**7.3 Judicial Intervention.** If the Parties cannot resolve a challenge without

court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 24 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 24 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this matter only for prosecuting, defending, or attempting to settle the Actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Actions have been terminated, a Receiving Party must

comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.2** **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Actions, as well as paralegal and secretarial employees of such attorneys to whom it is necessary that the material be disclosed for purposes of the prosecution or defense of this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the matter before the London Court of International Arbitration and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the courts and arbitration panels and their personnel in the Actions;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that

reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  (h) any other person by prior written permission of the Producing Party, or by order of the Court after notice to all parties.

  **8.3** **Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.** Information designated as "ATTORNEYS' EYES ONLY" shall only be produced, revealed or disclosed to:

  a. the Receiving Party's Outside Counsel of Record to the Actions engaged in the prosecution or defense of the Actions (including House counsel of any party), as well as paralegal and secretarial employees of such attorneys to whom it is necessary that the material be disclosed for purposes of the prosecution or defense of the Actions;

  b. The courts and arbitration panels and their personnel in the Actions;

  c. To court reporters transcribing a deposition, hearing or other proceeding in this matter who execute the Acknowledgment and Agreement To Be Bound attached hereto as Exhibit A;

  d. Any other person by prior written permission of the Producing Party, or by order of the Court after notice to all parties; and

  e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**9.** **PROTECTED MATERIAL REQUESTED, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a discovery pleading, subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this matter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", that Party must:

   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the discovery pleading, subpoena or court order;

   (b) promptly notify in writing the party who caused the discovery pleading, subpoena or order to issue in the other litigation that some or all of the material covered by the discovery pleading, subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the discovery pleading, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the discovery pleading, subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

   (a) The terms of this Order are applicable to information produced by a Non-Party in this matter and designated as "CONFIDENTIAL" Or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this matter is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

   (b) In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

 (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

 (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

 (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13. MISCELLANEOUS

**13.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**13.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3 Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Actions any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the rules applicable in the Actions to file material under seal.

## 14. FINAL DISPOSITION

Within 60 days after the final disposition (as defined in paragraph 5) of the Actions, each Receiving Party must return all Protected Material to the Producing Party

or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 6, 2013            SIDLEY AUSTIN LLP


                                   By: s/ Jaime A. Bartlett
                                       JAIME A. BARTLETT
                                       Attorneys for:
                                       Rusal Global Management B.V.

Dated: December 6, 2013

BURNHAM BROWN

By: /s/ Jimmie L. Williams, Jr.
JIMMIE L. WILLIAMS, JR.
Attorneys for Respondent BFIGROUP
Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: December 11, 2013

HONORABLE CARLA WOEHRLE
United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2013, in the case of *In re Application of Rusal Global Management B.V. for Order to Obtain Discovery for Use in a Foreign Proceeding*, USDC Case No. CV 12-08898 PSG (CWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____